UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA D BAEZ,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant | Civil Action No. 24-1206 (JXN)<br><br>**MEMORANDUM OPINION**<br><br>&<br><br>**ORDER** |

**NEALS**, District Judge:

Before the Court is *pro se* plaintiff Maria D Baez's ("Plaintiff") complaint (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 6) (the "IFP Application"). As set forth below, Plaintiff's IFP Application is **GRANTED**, and the Clerk of Court shall **FILE** Plaintiff's Complaint.

1. Upon submission of the IFP Application, the Complaint is subject to a *sua sponte* screening. 28 U.S.C. § 1915(e)(2). The Court may dismiss the Complaint if it "fails to state a claim on which relief may be granted[.]" § 1915(e)(2)(B)(ii). The Court applies the same standard of review as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F.App'x 120, 122 (3d Cir. 2012). To survive dismissal, a complaint must contain sufficient factual matter to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

2. The Court may also dismiss the Complaint for failure to comply with Rule 8. *Ruther v. State Kentucky Officers*, 556 F.App'x 91, 92 (3d Cir. 2014). Rule 8 requires that claims for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Thus, a complaint is dismissed when it "is so confused,

1

ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Ruther*, 556 F.App'x at 92 (citation and internal quotations omitted).

3. Here, Plaintiff appeals the final decision of Defendant Commissioner of Social Security ("Defendant") pursuant to 42 U.S.C. § 405(g) and 1383(c)(3) that denied Plaintiff's disability claim. (Compl. ¶¶ 1,7). Plaintiff alleges the following "severe medical impairments" that purportedly entitle her to disability benefits: "orthopedic[,] neurological[,] and psychiatric conditions[,] as well as obesity." (*Id.* at ¶ 5). Plaintiff claims that she "exhausted her administrative remedies" and Defendant "denied [P]laintiff's original application" for disability benefits, as well as "her application for reconsideration[,]" which were "clearly erroneous in law and fact." (*Id.* ¶¶ 8-9). Plaintiff seeks a reversal of the denial of her disability claim. (*Id.* at 2). At this early stage of litigation, Plaintiff's Complaint may proceed on these facts.

For all the foregoing reasons, it is hereby,

**ORDERED** that Plaintiff's IFP Application (ECF No. 6) is **GRANTED**; it is further

**ORDERED** that the Clerk of Court shall **FILE** Plaintiff's Complaint (ECF No. 1).

DATED: September 9, 2024

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge